While I agree with my colleagues on all findings of fact, I agree with the District Court in its finding that the defendant should be held liable under the policy of insurance issued by it.
The particular point on which I disagree with the majority opinion is found in the paragraph from that opinion quoted below:
"We know that as a matter of general practice, insurance policies of all kinds are delivered by local agents without prior or contemporaneous payment of the first premium due thereunder, but in so doing the agent acts on his own responsibility and as between him and the assured, the relation of debtor and creditor arises. The agent, of course, remits to the insurer the amount of the premium less his own commission.But, regardless of all of this the action of the agent doesnot, as to the insurer, waive the invariable rule that requirespayment of the premium prior to delivery of the policy. In the present case, plaintiff was ready and able to pay the premium. Evidently his ability in this respect was well known to the agent who was willing to credit him therefor, but the fact remains that the premium had not been paid prior to the animal's death; and though harsh as it may appear, defendant has the right to urge this fact in defense of suit on the policy." (Italics mine.)
The policy sued upon is in the record. According to its terms, its "effective date" was September 18th. The endorsement of the local agent is dated September 18th, and plaintiff was obligated to pay premiums as of that date.
Under these circumstances, I believe the contract was consummated and delivery made as between the insurer and the insured, when the endorsement was placed on the policy by the local agent.
I believe that the case cited in the majority opinion, Coci v. New York Life Insurance Company, 155 La. 1060, 99 So. 871, 873, including the paragraph quoted below, is consistent with this view (it is noteworthy that the Louisiana rule is followed in some states but not in others):
"But whatever may be the ruling of the courts in other jurisdictions, we have had occasion to pass upon this question heretofore, and we are not disposed to overrule the conclusion arrived at in that case. In the case of Chapman v. Mutual Life Ins. Co., 146 La. [658], 660, 83 So. 887, the precise question was at issue as the one presented here, and the applicationcontained the same stipulation as to delivery of the policywhen the insured was in good health as the one in theapplication now under consideration, and we held that the contract was consummated and delivery was made as between the insurer and the insured when the policy was placed in the mails addressed to the local agent. We can find no sufficient reason to depart from the ruling in that case, and we reaffirm it." (Italics mine.)
In the Coci case, the insured had given his note to the agent for the amount of the premium and the agent had remitted to the company its part. I know of no reason why a policy of insurance cannot be delivered and made to become effective on a credit arrangement between the insured and the company's agent and on a credit arrangement between the insurer and its agent. Under present day business conditions, a considerable amount of property and liability insurance is written and the policy delivered before the payment of premium.
The fact that the insurance company in its application form states that it will not issue the policy until the premium is paid does not relieve it from liability if, in fact, it does accept the application and issue a policy with a named effective date and permit delivery of the policy without collection of the premium.
From the facts found by the majority opinion, plaintiff by virtue of his application for the insurance became bound for the amount of the premium upon the acceptance of hisapplication and as stated in the Coci case, "the contract (of insurance) was from that date (date of issuance) binding on the assured, and if binding on him, it was likewise binding on the company." *Page 113 
The case at bar is distinguishable from the Pruitt case (cited in the majority opinion) in that the insurer's agent, in the letter bringing the policy, was given specific instructions to deliver only to the insured while he was in good health. In addition, the application provided that the insurance would not be in force until accepted by the insured, Pruitt.
I believe the judgment of the District Court should be affirmed, and respectfully dissent from the majority opinion.